UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**UNITED STATES OF AMERICA**

v.  CRIMINAL ACTION NO. 2:15-00139

**BRIAN DUNNIGAN**

<u>SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER</u>
<u>MEMORANDUM OPINION AND ORDER</u>

On May 18, 2023, the United States of America appeared by Ryan A. Keefe, Assistant United States Attorney, and the defendant, Brian Dunnigan, appeared in person and by his counsel, Roger L. Lambert, for a hearing on the Petition seeking revocation of supervised release, submitted by United States Probation Officer Justin L. Gibson.  The defendant commenced a forty-two (42) month term of supervised release in this action on December 9, 2022, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on September 20, 2022.

The court heard the admissions and objections of the defendant, the evidence adduced by the parties, and the representations and arguments of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found by a preponderance of the evidence that the defendant has violated the conditions of supervised release by committing violations in the following respects: (1) on February 4, 2023, the defendant was a driver of a vehicle, which vehicle was owned by the passenger in the car with the defendant, that was stopped for a traffic violation by police officers, and the defendant, after being brought out of the vehicle and patted down, was found in possession of approximately 5.95 grams of crack cocaine in a coffee filter seized from the defendant's person, which crack cocaine the defendant possessed with the intent to distribute, and the defendant was also found in possession of .26 grams of crack cocaine in a gum wrapper retrieved from the defendant's pocket, all in violation of federal state or local laws; (2) on February 15, 2023, the defendant signed a voluntary admission form acknowledging his use of marijuana on February 4, 2023; (3) on January 17, 2023, the defendant failed to comply with the instruction of the Probation Officer, which instruction was previously mailed to the defendant's reported residence requesting that he report to the probation office on that same date; and (4) on January 18, 2023, the Probation Officer learned

2

that the defendant had removed his belongings from his reported residence and the defendant failed to inform the Probation Officer of his change of residence until February 15, 2023; all as set forth in the petition on supervised release, and by the court's findings on the record of the hearing.

And the court finding, as more fully set forth on the record of the hearing, that the violations warrant revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violations if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32.1(b)(2) and (c)(1) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of **FIFTEEN (15) MONTHS**, to be followed by **TWO (2) YEARS** of supervised release, upon the same terms and conditions as heretofore.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.

DATED: May 22, 2023

John T. Copenhaver, Jr.
Senior United States District Judge